STEPHEN H. CONRAD and KERRY ANN CONRAD
Individually and as next friend and guardian
Ad Litem of CHRISTIAN KENT CONRAD, and
and AARON ANDREW CONRAD, Minors, Plaintiffs

v.

PETROCO, INC., A Guam Corporation
dba PETROGAS, DOE INSURANCE CO.
I, II & III, Defendants

Civil No. 413-80
Superior Court of Guam
July 31, 1980

- - - - -

WEEKS, Judge

## DECISION AND ORDER PERMITTING
## DEPOSITION BY OTHER THAN STENOGRAPHIC MEANS

This matter having come before the Court for hearing on the 30th day of July, 1980, Plaintiff appearing by and through their attorney Robert Bryant, Defendant Petrogas appearing by and through its attorney John Moore; this being the time set for hearing on Plaintiffs' motion to take the deposition of Haywood Ray Starling, Jr. by means of video recording in addition to the usual stenographic means of recording;

Defendant objects to paragraphs 2, 3, 5 and 8 of plaintiff's proposed order permitting the taping. Those paragraphs, by implication, let the deposing party man the video taping machine and control the conditions of taping.

Plaintiffs' attorney describes the proposed operator as an employee of the law firm - only recently trained in the techniques of the video machine by himself - he being apparently the usual operator of the videotape machine.

To insure the accuracy, the trustworthiness of the recorded testimony, the Court is given discretion to require, despite the additional cost, the use of an independent operator (Colonial Times Inc. v. Gasch, 509 F.2d 517).

3

Given the limited experience and apparent nontechnical background of the proposed operator, the Court feels that, in the instant case, the use of an independent operator is imperative. It may well be, as plaintiffs assert, that the actual pressing of a button may be all that is necessary; but the setting up and the arrangements are within a technician's field of expertise.

With an experienced technician controlling the tapes, the need for additional tapes to assure an intact original is negligible and the Court will not require the back up tape as requested.

The Court having heard argument of counsel and having considered plaintiffs' motion together with memoranda of both parties and the Court otherwise being fully advised;

IT IS ORDERED that plaintiffs be permitted to video tape the deposition of Haywood Ray Starling at the law offices of Klemm, Dear & Lawrence, Suite 1008, PDN Bldg., Agana, Guam at 3:00 p.m. on the 1st day of August, 1980.

IT IS FURTHER ORDERED that said video tape recording be conducted as follows:

An independent operator will record the proceedings; he will take an oath to record the proceedings accurately and shall certify the correctness and completeness of the recording.

Matters of staging and photographic techniques shall be determined by the independent operator. If suggestions regarding such matters by the parties are not heeded, the parties may place their objections on the record.

The video tape shall run continuously throughout the deposition from beginning to end;

That a log index be made by the independent operator making the video tape recording, such index to include the subject matter being discussed, cross reference to the digital reading on the digital counter, a list of exhibits, and the names of all persons and parties present at the deposition;

A zoom lens will not be allowed and the cameraman must simply line up the camera straight ahead on the deponent without any angle shots so as to give a full frontal view of deponents seated behind a table;

Only the parties, their counsel, and persons necessary to conduct the deposition shall be permitted to attend;

The party conducting the video tape deposition shall bear the expense;

The original shall be filed with the Clerk of the Court who shall release it for viewing only upon order of the

4

Court. Each party may receive a copy made immediately following the time of taping.

SO ORDERED.